UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER LLOYD TAYLOR,<br><br>Defendant. | Criminal No. 5:23-cr-357 (GTS)<br><br>**Government Sentencing Memorandum** |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court sentence the defendant to a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a) and a 3-year term of supervised release.

# I

# INTRODUCTION

On November 1, 2023, pursuant to a written Rule 11(c)(1)(A) plea agreement, the defendant entered a plea of guilty to Count 1 of a one-count Information, which charges on or about March 16, 2023, in Onondaga County in the Northern District of New York, the defendant knowingly possessed a firearm, specifically: one "Spikes Tactical" AR-15 style rifle bearing Model Number ST15, Serial Number SHM008427, with a barrel length measuring less than 16 inches long, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The defendant is scheduled to be sentenced on October 7, 2025, in Syracuse, New York.

II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

The government agrees with the facts, criminal history category, guidelines calculation, and statutory sentencing requirements set forth in the Presentence Investigation Report ("PSR"). *See* Dkt. 25.

III

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all the information before the Court, including the information set forth in detail in the PSR, the government would ask that the Court sentence the defendant to a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a) followed by a **3-year term** of supervised release.

The defendant's acceptance of responsibility letter paints the picture of a man who has gotten a wakeup call and realizes how important he is to his family and his need to be present for them. His conduct since his arrest of immediately accepting responsibility for his actions is also a positive indication that he understands the errors of his ways. The government truly hopes that that is the case and trusts that the Court will craft a sentence that is appropriate in this matter. The government would also ask that the Court follow that sentence with **3 years of supervised release** to help ensure that the defendant stays on the path he appears to be on. The term of supervised release should assist him with his battle with substance abuse issues.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. §3553(a)(2). This sentence reflects the seriousness of the violation and provides adequate deterrence against future violations. In the

ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve §3553(a)'s objectives.' *Kimbrough v. United States*, 552 U.S. 85 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act - "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Respectfully submitted this 15th day of September 2025.

                                        JOHN A. SARCONE III
                                      Acting United States Attorney

                                      */s/ Geoffrey JL Brown*
By: _____
                                      Geoffrey J.L. Brown
                                      Assistant United States Attorney
                                      Bar Roll No. 513495